BURTON, Appellee,

v.

BURTON, Appellant.

[Cite as *Burton v. Burton* (1999), 132 Ohio App.3d 473.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–99–17.

Decided Aug. 18, 1999.

*Donald Jillisky,* for appellee.

*Hillard M. Abroms,* for appellant.

WALTERS, Judge.

Defendant–appellant, Michele Burton, appeals a judgment of the Court of Common Pleas of Union County rendered in a divorce action wherein the court ordered, among other things, that appellant pay child support to plaintiff-appellee, John Burton, for the care and maintenance of the couple's minor child. Michele also challenges the court's refusal to grant her a continuance of the final divorce hearing, the terms of the visitation schedule, and the court's designation of the final decree as an "agreed entry." For the reasons expressed in the following opinion, we reverse the trial court's decision and remand the matter for further proceedings.

The underlying facts of the matter are as follows:

Michele and John were married on June 16, 1994. Prior to the marriage, their relationship produced a child, Jonna Renea, d.o.b. September 1, 1993. The parties lived as a married couple for roughly four years. However, on November 23, 1998, John filed a complaint for divorce alleging incompatibility, gross neglect,

and extreme cruelty. In addition to the complaint, John filed a motion for temporary orders requesting the court to award him custody of Jonna and a monthly amount of child support until the final hearing.

The court conducted a hearing on the temporary orders on December 18, 1998. The record demonstrates that John was represented by counsel at the hearing, but Michele acted *pro se*. Although she informed the court that she had retained counsel, Michele stated that her attorney was not present because of a misunderstanding. The hearing proceeded and the court designated John residential parent of the child. Nonetheless, the temporary visitation schedule allowed Michele to have Jonna in her home essentially one-half of each week from Friday evenings to Tuesday mornings. The trial court denied John's motion for temporary child support.

The final divorce hearing was scheduled for January 27, 1999. Just prior to the hearing, Michele attempted to retain substitute counsel. On January 21, 1999, a new attorney filed a limited appearance for the purpose of requesting a continuance of the final hearing for the reasons that he would not have adequate time to prepare and that he was scheduled to attend another hearing in a different court on the same day. The trial court summarily denied the motion and Michele appeared at the final hearing without counsel.

At the January 27 final hearing, the parties stipulated that they were incompatible and the court granted the divorce. The court awarded John custody of Jonna, but retained the same liberal companionship schedule that had been established in the temporary orders. This time, however, the court ordered Michele to pay child support to John in the amount of $296 per month. The instant appeal followed wherein Michele asserts four assignments of error for our review and consideration.

### Assignment of Error I

"Whether the trial court erred in proceeding with the final divorce hearing when Defendant appeared at trial unrepresented by counsel, and had recently requested a continuance to obtain new counsel and prepare her case for trial."

It is well established under Ohio law that the decision to grant or deny a continuance lies within the sound discretion of the trial court. *State v. Lorraine* (1993), 66 Ohio St.3d 414, 423, 613 N.E.2d 212, 220; *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 42–43, 423 N.E.2d 1078, 1079–1080. Thus, the trial court's final decision will not be reversed on appeal absent an abuse of discretion. An abuse of discretion has been defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

■ The review of a decision on a motion for continuance requires the appellate court to apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party. There are objective factors that a court must consider in determining whether to grant a continuance. These factors include the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request. *Unger*, 67 Ohio St.2d at 67–68, 21 O.O.3d at 42–44, 423 N.E.2d at 1079–1081. The record here fails to demonstrate whether the trial court considered any of these objective factors.

■ In this case, Michele specifically informed the court at the hearing on the temporary orders that she had retained counsel, but that he was not present because of a misunderstanding with regard to the time of the proceeding. At the conclusion of the temporary proceedings, the parties agreed that Michele should send a copy of the orders to her attorney. The matter was then set for a final hearing.

However, one week before the final hearing date, an attorney different from the one identified by Michele at the temporary hearing filed a notice of limited appearance on Michele's behalf and requested a continuance because he would not have time to prepare for trial, and because he was scheduled for other hearings in Franklin County on the same day. Although Michele now argues that she was in desperate need of another attorney because she learned that her original counsel was making no preparation of the case for trial, the motion for continuance fails to mention this.

The motion does, however, recite that if the request for continuance was denied, Michele would be "without the presence of counsel" at the final hearing. The record also establishes that attorney Greg Merritt, whom appellant had identified as her attorney at the temporary orders hearing, never entered an appearance on behalf of Michele. These facts alone should have put the trial court on notice that Michele may have been abandoned by counsel that she presumed was representing her, and should have prompted the trial court, in the interest of justice and fairness, to conduct a hearing on the issue.

■ Examining the record with respect to the *Unger* factors, it is evident that this matter was set for final hearing a mere sixty-five days after the complaint was filed. We also point out that this time period included both the Thanksgiving and Christmas holidays. The record also demonstrates that there had been no previous requests for a continuance by either party and that neither party had

issued subpoenas for witnesses who might be inconvenienced by any delay in the proceedings.

Although we are aware that the relevant case law on the subject demonstrates that appellate courts rarely reverse a ruling on a motion for a continuance, we find the rather unique situation at hand analogous to the one described in *Griffin v. Lamberjack* (1994), 96 Ohio App.3d 257, 644 N.E.2d 1087, wherein the reviewing court found the denial of a continuance to be an abuse of discretion. In that case, the trial court was aware that the defendant would be without the benefit of counsel in a complicated matter, yet the court refused to delay the proceedings in order to allow the defendant an opportunity to secure counsel. Furthermore, there was no evidence in the record illustrating that the defendant's request for a continuance was dilatory, purposeful or contrived. Thus, the effect of the denial was to unreasonably force a defendant to proceed *pro se.*

Likewise, the effect of the trial court's cursory ruling in this case was to require Michele to represent herself when she was demonstrably incapable of doing so. Therefore, we find that unjustifiably forcing Michele to proceed to trial in a custody case, an obviously significant matter, where she was clearly unable to advocate her legitimate rights, constitutes an abuse of discretion. Accordingly, we are convinced that this appellant should be given an opportunity to a meaningful day in court.

Appellant's first assignment of error is sustained.

Given our disposition of the first assignment of error, which results in the necessity for a new trial, appellant's second, third and fourth assignments of error are rendered moot.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and the cause is remanded for rehearing.

*Judgment reversed.*

SHAW and HADLEY, JJ., concur.