Jason Tu and Li-Mei Chang appeal from a judgment of common pleas court pursuant to a bench trial in favor of Hazel Ma and Paul Tse on their claims of breach of fiduciary duty, breach of contract and fraud. Tu and Chang urge on appeal that the court erroneously denied counsel's motions to withdraw and for a continuance and that the decision is against the manifest weight of the evidence. After careful consideration of the facts in this case and the applicable law, we reverse the decision of the trial court and remand for a new trial.
The record reveals on July 1, 1992, Jason Tu and his wife, Le-Mei Chang, formed a corporation with two additional shareholders, Jane Ling and Paul Tse, called Taipei Restaurant, Inc., located on Lee Road in Cleveland, Ohio. A dispute arose between Tu and Ling, and Tu approached Ma, who had been working as a waitress, to purchase Ling's shares. Thereafter, Tu and Ling signed a purchase agreement for Ling's shares, and Tu assigned his contract to buy Ling's fifty-five shares of stock to Ma, who paid $71,691.40 for the shares. Ma ultimately left employment at the restaurant due to a disagreement concerning its management.
The record further reveals on February 18, 1997, Ma and Tse filed a complaint against Tu, Chang and Taipei alleging breach of fiduciary duty, breach of contract and fraud because Tu and Chang allegedly diverted corporate funds for the their personal use. After Tu and Chang filed an answer, Ma and Tse moved for a continuance, which the court granted. On March 29, 1999, Tu and Chang filed a motion for recusal of the original trial judge, and the case was re-assigned. On July 30, 1999, counsel for Tu and Chang learned that his clients were leaving the United States on August 4, 1999 for Shang-Hai, China. Thereafter, at a settlement conference on August 15, 1999, the court scheduled the case for trial two weeks later. The next day, counsel for Tu and Chang filed a motion to withdraw and attached an affidavit citing his inability to communicate with Tu who was in Shang-Hai and with Chang who had returned to Solon, Ohio, but who could not speak English as the reasons for his withdrawal.
Trial commenced on September 30, 1999, and counsel renewed the motion to withdraw, which the court denied stating that the case had been pending for three years and counsel had adequate time to prepare. Counsel moved for a continuance, which the court also denied. The parties then agreed to a bench trial, and both Ma and Tse testified concerning their involvement in Taipei.
At the close of Ma and Tse's case, counsel for Tu and Chang moved for directed verdict, which the court denied. Counsel could not call any witnesses because Tu was still in Shang-Hai and Chang failed to appear. At the conclusion of the trial, the court entered judgment in favor of Ma against Tu, Chang, and Taipei, jointly and severally in the amount of $80,041.40 for compensatory damages and $250,000.00 in punitive damages. Further, the court found in favor of Tse against Tu, Chang, and Taipei Restaurant, Inc., jointly and severally in the amount of $60,000.00 for compensatory damages and $250,000.00 in punitive damages.
Tu and Chang appeal from that judgment and raise six assignments of error for our review. The first assignment of error states:
 I. IT WAS ERROR FOR THE TRIAL COURT TO DENY DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW AND FOR A CONTINUANCE OF THE TRIAL WHEN IT KNEW A DEFENDANT AND PRINCIPAL WITNESS WOULD BE UNABLE TO ATTEND.
Tu and Chang argue that the court erroneously denied counsel's motions to withdraw and to continue the trial because he could not communicate with his clients. Ma and Tse maintain the court properly denied these motions because Tu and Chang were trying to delay the trial. The issue here concerns whether the court erred when it denied counsel's motions.
We begin by noting the decision to grant or deny a motion to continue a trial lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion. Burton v. Burton (1999), 132 Ohio App.3d 473. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
Further, in State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, the court considered a litigant's inability to be present at the trial while engaged in foreign military service and stated in its syllabus:
 To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time.
Applying Buckto the instant case, the record reveals that the court had already granted one continuance at the request of plaintiffs, Ma and Tse. Tu was in Shang-Hai, and since the allegations concerned his conduct, his presence was definitely necessary at trial. He should have had the opportunity to defend against these allegations. Further, Tu and Chang only requested a two week continuance. Thus, we believe the court abused its discretion when it denied the motion to continue. Accordingly, this assignment of error is well taken, and the judgment of the trial court is reversed.
Tu and Chang assert the following five assignments of error:
 II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT LE-MEI CHANG IN THE ABSENCE OF ANY COMPETENT, CREDIBLE EVIDENCE TO SUPPORT ANY OF THE CLAIMS ASSERTED AGAINST HER.
 III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT JASON TU IN THE ABSENCE OF ANY COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE BREACH OF FIDUCIARY DUTY ASSERTED AGAINST HIM.
 IV. THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT JASON TU IN THE ABSENCE OF ANY COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE BREACH OF CONTRACT CLAIM ASSERTED AGAINST HIM.
 V. THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT JASON TU IN THE ABSENCE OF ANY COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE FRAUD CLAIM ASSERTED AGAINST HIM.
 VI. THE TRIAL COURT ERRED IN ENTERING AN AWARD OF PUNITIVE DAMAGES AGAINST DEFENDANTS CHANG AND TU.
However, based on this court's disposition of the first assignment of error, the remaining assignments of error are moot.
Judgment reversed and remanded for a new trial.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., PATRICIA A. BLACKMON, J., CONCUR JUDGE JOSEPH J. NAHRA (Retired, Eighth Appellate District, Sitting by Assignment)