OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Allen R. DeFranco, appeals from a final judgment of the Lake County Court of the Common Pleas, Domestic Relations Division. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Appellant and appellee, Conni L. DeFranco, were married in Kettering, Ohio, on December 15, 1990. Two children were born as issue of their marriage. On March 31, 1999, appellant filed a complaint for divorce alleging gross neglect of duty, extreme cruelty, and incompatibility. Appellee responded by filing an answer on April 9, 1999, counterclaiming for divorce.
The contested divorce came on for trial before a magistrate on December 8, 1999. Despite resolving several issues concerning the distribution of personal property, the parties were unable to dispose of all of the outstanding concerns at that time. As a result, the case was continued until February 15, 16, and 17, 2000.
On February 10, 2000, Joseph R. Ulrich ("Ulrich"), who had been appellant's attorney of record throughout the case, filed a combination motion for mandatory withdrawal/motion to continue trial. As grounds for the motion, Ulrich argued that he had been discharged by appellant in a letter dated February 10, 2000, and that appellant needed additional time to secure new counsel. In a judgment entry dated February 14, 2000, the trial court denied appellant's motion to continue. However, the court did not rule on Ulrich's motion to withdraw at that time.
The matter resumed as scheduled on February 15, 2000. At the beginning of the proceedings, the magistrate asked Ulrich if he was ready to continue with the case, to which he replied "no" because he no longer represented appellant. The magistrate effectively ignored Ulrich's response and asked once more if he was ready to proceed. When Ulrich again replied "no," the magistrate stated, "Fine. Is the Defendant [appellee] ready to proceed?" Appellee's attorney answered affirmatively, and gave his opening statement. After a brief recess, appellant, acting pro se, made a few remarks in response, and appellee proceeded with her counterclaim.
The next day, appellant once again asked for a continuance so he could retain an attorney. The magistrate denied the request, and the trial was concluded. On February 23, 2000, the magistrate issued her proposed decision. Shortly thereafter, appellant hired another attorney who immediately asked for an extension of time to file objections to the magistrate's decision so that a transcript of the trial could be prepared and reviewed. The trial court granted an extension, and appellant subsequently filed his objections on April 24, 2000.
After conducting a hearing, the trial court overruled appellant's objections and adopted the magistrate's decision in its entirety. On August 16, 2000, the trial court issued its final decision and judgment entry dissolving the marriage and granting appellee a divorce. From this decision, appellant filed a timely notice of appeal with this court.
In his first assignment of error, appellant argues that the trial court abused its discretion when it failed to grant Ulrich's motion to withdraw and denied his motion for a continuance. He contends that the right to employ counsel of his own choosing in a matter that affects his life and the lives of his children cannot be "capriciously abrogated" by the trial court. Moreover, appellant maintains that by refusing to grant the continuance, the trial court forced him to represent himself even though he was obviously incapable of properly presenting his case.
It is well-established in Ohio that the decision to grant or deny a continuance, as well as the decision to allow an attorney to withdraw from a case, rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion.Burton v. Burton (1999), 132 Ohio App.3d 473, 475; In re Kriest (Aug. 6, 1999), Trumbull App. No. 98-T-0093, unreported, 1999 Ohio App. LEXIS 3605, at 7; McGraw v. Convenient Food Mart (June 18, 1999), Lake App. No. 97-L-271, unreported, 1999 Ohio App. LEXIS 2818, at 13-14. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
"In determining whether the trial court abused its discretion in granting or denying the motion for a continuance, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the defendant." Griffin v. Lamberjack (1994),96 Ohio App.3d 257, 264. See, also, In re Dietrich (Dec. 12, 1997), Geauga App. No. 96-G-2020, unreported, 1997 Ohio App. LEXIS 5561, at 4-5. Some of the objective factors that a reviewing court should consider include the following:
 "`* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.'" Dietrich at 5, quoting State v. Unger (1981), 67 Ohio St.2d 65, 67-68. See, also, Burton at 476; Griffin at 264.[1]
 After reviewing the record, we conclude that the magistrate, and in turn, the trial court, failed to conduct a sufficient inquiry regarding these factors. When comparing the Unger factors with the instant matter, there is no evidence concerning whether the request for a continuance was dilatory, purposeful, or contrived, or otherwise sought solely in an effort to delay the proceedings. The case had been pending on the court's docket for less than a year, and there was no pattern of hiring and firing counsel. Moreover, there is no evidence to suggest that a continuance would have inconvenienced or prejudiced the parties, witnesses, or opposing counsel.
As an appellate court, we are reluctant to second guess a trial court's handling of its docket and rarely reverse such rulings. Oftentimes during a case, events occur that are not readily apparent to a reviewing court justifying the actions taken by a trial court. However, without some indication in the record as why a certain decision was made, we are left to speculate with respect to the reasons.
Therefore, in most cases, the trial court must create a forum in which there is an opportunity for the litigants to address the Unger factors. Without such a forum, a court has no opportunity to place on the record its analysis of the issues and to explain its resolution.[2]
Although both the magistrate and the trial court may have been extremely and justifiably annoyed with the attitude and previous chicanery of appellant, due process must be observed. Therefore, we conclude that by failing to utilize the Unger analysis, the trial court abused its discretion. Upon remand, the result certainly may be the same, but the process will have been safeguarded. In any event, appellant's first assignment of error is well-taken.[3]
Our disposition of appellant's first assignment of error does not necessitate this court addressing the remaining two assignments of errors. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., GRENDELL, J., concur.
[1] Although these factors originate from a criminal case, courts in this state have also applied them in the context of civil actions.
[2] This is not to say that a trial court needs to hold a hearing every time a party files a motion. Obviously, in the majority of cases, a trial court can decide the motion without additional argumentation. However, in those cases, such as the one at bar, where the issues are not easily disposed of, a hearing could be advantageous. Furthermore, during such a proceeding, it must be remembered that it is still the responsibility of the parties to provide the necessary input.
[3] We would like to note that the trial court could have predicated the granting of the continuance on an immediate hearing concerning attorney fees.