JOURNAL ENTRY AND OPINION
This case arises out of a motor vehicle collision that occurred on September 19, 1999, when defendant-appellant Brian Hornbeck's automobile struck the rear of plaintiff-appellee Donna Teffer's minivan while both vehicles were northbound on Interstate 71.
On April 4, 2000, Teffer and her husband, Michael Teffer, filed a complaint against appellant alleging negligence and loss of consortium.
At a pretrial held in June, 2000, the trial court set the case for trial on January 10, 2001. On August 28, 2000, appellees moved for a continuance of the trial because appellees' counsel had a conflicting trial date. The trial court granted appellees' motion and reset the trial for February 5, 2001.
The trial court was engaged in a criminal trial on February 5, 2002, however, and, accordingly, reset the trial in this matter for March 15, 2001. Subsequently, pursuant to an order entered March 23, 2001, the trial court cancelled the trial set for March 15, 2001 due to the trial court's unavailability and set a firm trial date of September 5, 2001.
Trial did not commence on September 5, 2001, however, because the trial court granted appellant's oral motion for a continuance due to his sudden hospitalization for psychiatric problems.[1] In its journal entry continuing the trial to October 9, 2001, the trial court stated that no further continuances occasioned by defendant's illness will be granted.
Trial finally commenced on October 9, 2001. Appellant remained hospitalized, however, and, accordingly, was not present for trial. Defense counsel noted appellant's objection to going forward on the record but did not make an oral motion for a continuance on the record nor file a written motion.
Prior to trial, appellant admitted negligence so the case was tried only on the issues of proximate cause and damages. Appellees presented their own testimony and the videotape deposition of Dr. Robert Zaas. Appellant presented no witnesses in his defense.
The jury subsequently awarded $30,000 to Donna Teffer on her negligence claim and $5,000 to Michael Teffer on his loss of consortium claim.
Appellant timely appealed, raising two assignments of error for our review.
In his first assignment of error, appellant contends that the trial court committed reversible error in not continuing the trial on October 9, 2001 so that he could be present.
As the Supreme Court of Ohio stated in State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, 537, A court has supervisory power and control over its docket. Independent of statute, as an incident to their authority to hear and determine causes, courts have power to grant continuances. Granting or refusing to grant a motion for continuance rests within the sound discretion of the court. Thus, the decision to grant or deny a motion to continue a trial will not be reversed on appeal unless the trial court has abused its discretion. Ma v. Tu (Dec. 14, 2000), Cuyahoga App. No. 77207, citing Burton v. Burton (1999),132 Ohio App.3d 473. The term abuse of discretion connotes more than a mere error in judgment; the decision must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The basis for a continuance of an action rests upon the right of a party to have a reasonable opportunity to be present at the trial of his cause upon the merits, but without unnecessary delay. * * * Unreasonable delays cannot be tolerated and continuances must be justified by the circumstances of the case. State ex rel. Buck, supra at 538.
The factors sufficient to justify the granting of a continuance are enumerated in the second paragraph of the syllabus of State ex rel. Buck:
 To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time.
Applying these factors to this case, we cannot conclude that the trial court abused its discretion in not continuing the trial on October 9, 2001. Because defense counsel did not file a written motion for a continuance nor make an oral motion on the record, there is nothing in the record to demonstrate that appellant's absence from trial was unavoidable, the request for a continuance was made in good faith, appellant's presence at trial was necessary and, if the trial were continued, appellant would be able to attend trial at some reasonable future time. Likewise, defense counsel's objection to proceeding with trial, put on the record prior to the commencement of trial, notes appellant's objection but gives no explanation regarding why appellant was absent, why the continuance was necessary and when appellant would be able to appear for trial.
Appellant refers us to a letter from his doctor addressed to his defense counsel and/or the trial judge dated September 12, 2001 in which his doctor explains that appellant could not be present at trial on September 5, 2001 because he was hospitalized for psychiatric treatment on that day. This letter is not part of the record, however; it was never filed in the trial court. Moreover, this letter gives no information whatsoever regarding any of the factors set forth in State ex rel. Buck regarding a continuance of the trial on October 9, 2001; it merely explains why appellant could not attend trial on September 5, 2001. Thus, even if it were part of the record, it would not assist in determining whether the trial court abused its discretion in not continuing the trial on October 9, 2001.[2]
In short, in the absence of a record that demonstrates anything to the contrary, we cannot conclude that the trial court abused its discretion in not continuing the trial on October 9, 2001.
Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred in granting appellees' motion in limine, thereby prohibiting him from introducing into evidence photographs of the damaged vehicles. Apparently, appellant's strategy was to use the photographs to support his claim that the minor impact collision had caused only minor injury.
Appellees filed their motion in limine on February 1, 2001. The trial court granted appellees' unopposed motion on February 12, 2001. Subsequently, the trial court granted appellant's motion for reconsideration of its decision granting appellees' motion in limine, but on March 2, 2001, upon reconsideration, again granted appellees' motion. The trial court gave no reason for its decision granting appellees' motion.
The record reflects the following exchange between the trial judge and counsel after appellees had presented their last witness:
 THE COURT: Any further witnesses on behalf of the plaintiffs?
MR. SCHEPIS: No, your Honor.
THE COURT: Do you have exhibits to move into evidence?
MR. SCHEPIS: Yes, your Honor.
MR. DYNES: May we approach, your Honor?
The court held a sidebar discussion with the attorneys and then stated:
 THE COURT: Very well. I've dealt with the exhibits. Thank you for your patience with that. Mr. Dynes, on behalf of the defendant, any witnesses?
 MR. DYNES: No, your Honor. And just to clarify, we will deal with — there are further issues I would like to bring up.
 THE COURT: We'll build a record when we deal with the exhibits, we'll build a record on that.
 MR. DYNES: Nothing on behalf of the defense, as far as witnesses, and the defense will rest.
Counsel for appellees and defense counsel then gave their closing arguments and after instructing the jury, the trial judge excused them for deliberations. Defense counsel then objected on the record to the admission of appellees' exhibits and to the trial court's ruling granting appellees' motion in limine.
In light of this procedural history, we must first consider whether appellant preserved the claimed error for appeal.
A trial court's order granting a motion in limine that seeks to exclude or restrict evidence on a particular issue does not determine the admissibility of the evidence to which it is directed. Rather, it is a preliminary, interlocutory order precluding questions being asked on that issue until the court can determine from the total circumstances of the case whether the evidence is admissible. State v. Grubb (1986),28 Ohio St.3d 199, 201, citing Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446. Such an order is a tentative, preliminary ruling reflecting the court's anticipatory treatment of an evidentiary issue at trial. Id. at 201-201. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is initially granted. Defiance v. Kretz (1991), 60 Ohio St.3d 1, 8, citing Grubb,28 Ohio St.3d at 201-202.
Because the ruling on a motion in limine is interlocutory, * * * the ruling on a motion in limine does not preserve the record on appeal. The ruling is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial. Grubb, 28 Ohio St.3d at 203, quoting Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446. (Emphasis in original.)
Thus, at trial, it is incumbent upon a [party] who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. Id., at paragraph two of the syllabus; see, also, Garrett v. City of Sandusky (1994), 68 Ohio St.3d 139; Santora v. Pulte Homes of Ohio Corp. (July 26, 2001), Cuyahoga App. No. 77825.
Here, appellant made no objection on the record to the trial court's ruling regarding appellees' motion in limine either before or during trial nor did he proffer the disputed photographs at any point during trial. Only after the jury was excused for deliberations did defense counsel note his objection on the record to the trial court's ruling granting appellees' motion in limine, but without proffering the photographs.
We are therefore compelled to hold that appellant waived his right to argue this evidentiary issue on appeal. Most importantly, appellant never proffered the disputed photographs to the trial court, as required by Grubb. Because the photographs are not part of the record, this court cannot make a determination regarding their admissibility.
Moreover, Grubb also requires that the party precluded from introducing the evidence make a timely objection when the issue is actually reached during the trial, Grubb, supra at 203, quoting State v. Leslie (1984),14 Ohio App.3d 343, 344, so that the trial court can consider the disputed evidence in its actual context at trial and make a final determination regarding the admissibility of the evidence in light of the other evidence adduced at trial. Here, defense counsel's objection to the trial court's ruling regarding appellees' motion in limine was not made until after the jury had been excused for deliberations. As such, it was clearly not a timely objection. At that point, even if the trial judge had reconsidered her earlier decision to exclude the photographs and decided to admit them, it would have been too late for the already-deliberating jury to consider the photographs.
We recognize that the trial judge dissuaded defense counsel from putting his objection on the record before the jury was excused, presumably in order to get the case to the jury in a timely manner, and therefore caution the trial court that efficiency, although admirable, does not supersede a party's right to properly present his case. Nevertheless, because he failed to proffer the disputed photographs and make a timely objection at trial, appellant has waived his right to argue this issue on appeal.
Appellant's second assignment of error is overruled.
The trial court's judgment is affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] Despite appellant's assertion in his brief that he filed a motion to continue the trial sometime prior to September 5, 2001, we find no written motion for a continuance by appellant in the record. We note further that the record does not contain a transcript of any oral motion by appellant for a continuance. In light of the trial court's order dated September 6, 2001 granting appellant's motion for a continuance, however, it is apparent that appellant made an oral motion for a continuance of trial.
[2] Likewise, there is no evidence anywhere in the record to even remotely support appellees' assertions that appellant could not appear for trial at some point in the reasonable future because he had been involuntarily admitted to a psychiatric hospital suffering from delusions and was a danger to himself or others. Such mischaracterizations are inconsistent with the ethical obligations of a lawyer.