OPINION
{¶ 1} This matter is before the court upon the appeal of plaintiff-appellant Suzanne Hudson, Administratrix of the Estate of Michael Jaso, Deceased, from a decision of the Court of Claims of Ohio, denying appellant's request for a continuance and rendering judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction. For the reasons that follow, we affirm.
 {¶ 2} The facts pertinent to this appeal are as follows. On May 6, 2003, appellant re-filed[1] a wrongful death action in the Court of Claims of Ohio against appellee resulting from the death of her son, who died in 1999 while in the custody of the Dayton Correctional Institution.
 {¶ 3} On June 17, 2003, the court issued a scheduling order setting a status/settlement conference for July 1, 2003, pre-trial for March 25, 2004 and trial for April 26-29, 2004. On July 1, 2003 the court attempted to conduct a telephone status/settlement conference with the parties. However, the court was unable to contact appellant, and a second status/settlement conference was rescheduled for July 18, 2003.
 {¶ 4} On July 18, 2003, the court conducted a telephone status/settlement conference with the parties. The court confirmed the April 26, 2004 trial date. It was decided by the parties the trial would only require three days. As a result, the court amended its order scheduling the trial for the specific dates of April 26-28, 2004.
 {¶ 5} On March 25, 2004 the court attempted to conduct a previously scheduled pre-trial conference. However, the conference was not held, because appellant did not appear and was unavailable by telephone. The court issued an entry on April 2, 2004 advising the parties the April 26, 2004 trial date was firm.
 {¶ 6} On the day of trial, appellant made an oral motion for a continuance, stating that she was experiencing medical problems. Specifically, appellant stated she contracted blood poisoning on May 13, 2003, which took her five months to recover.[2] Further, appellant offered that she fractured her hip in November. In support, appellant provided medical records to the court. The medical records were not marked into evidence. Appellant offered that she attempted to call the court to alert it of her medical problems, yet she could only recall that she spoke with "the receptionist for the court of claims of Ohio." (Tr. at 13.)
 {¶ 7} The court reviewed appellant's medical documents on the record. The records indicated that appellant was admitted to St. Mercy's Hospital for blood poisoning on May 12, 2003. Appellant admitted she recovered from the blood poisoning in October 2003. The records also indicated appellant was admitted to the hospital on August 4, 2003 for red, swollen legs and on September 18, 2003 for redness and infection in her feet and legs. Finally, the records confirmed appellant's assertion that she was admitted to the hospital November 9, 2003. Appellant asserted that she "just barely got released from my doctor on Monday."[3] (Tr. at 4.)
 {¶ 8} In response to appellant's request, appellee indicated its opposition to a continuance. Appellee indicated it had witnesses present to testify from various parts of the state, and argued that appellant had sufficient opportunity to let the court know about her medical issues prior to the day of trial.
 {¶ 9} Appellant also referred to documents the court had sent on April 6, 2004 and asserted she did not receive them until April 21, 2004.[4]
Appellant admitted she did not alert the court of her change of address. (Tr. at 5.) When asked why she did not retain an attorney, appellant responded that she had a difficult time finding representation. Appellant stated that by the time she found a lawyer, he stated he would not have time to prepare her case because it was too close in time to the trial date.
 {¶ 10} The court, finding the medical records inconsistent with her claim she was currently experiencing medical problems, denied appellant's motion for a continuance. After indicating that the record did not reflect any request for a continuance, and denying the same, the court instructed appellant she would either have to go forward with her case that day or it would be dismissed. Appellant asserted, "I didn't get to subpoena the phone records" and "I still got three pieces of evidence that I need to get to have my attorney down here." (Tr. at 11.) Nonetheless, appellant informed the court that she did not have any witnesses or evidence to present at that time, and that she did not intend to testify on her own behalf. As a result, the court dismissed appellant's complaint for failure to prosecute. The court journalized its entry on April 29, 2004, stating appellant's motion for a continuance was denied and the case was dismissed pursuant to Civ. R. 41(B) for failure to prosecute.
 {¶ 11} Appellant timely asserts a single assignment of error for our review:
The trial court abused its discretion when it denied appellant's motion for continuance in her wrongful death action on the day of trial, as appellant, a pro se litigant, had been experiencing health problems and the requested continuance was otherwise reasonable under the circumstances and was not dilatory, purposeful nor contrived.[5]
 {¶ 12} In her sole assignment of error, appellant asserts the trial court abused its discretion by denying her request for a continuance. Relying on State v. Unger (1981), 64 Ohio St.2d 65, 423 N.E.2d 1078, appellant contends that her continuance request was appropriate. When evaluating a motion for a continuance, "`several factors can be considered: the length of the delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay and other relevant factors.'" State v. Ahmed,103 Ohio St. 3d 27, 2004-Ohio-4190, 813 N.E.2d 637, quoting State v.Landrum (1990), 53 Ohio St.3d 107, 115, 559 N.E.2d 710, citing Unger
at 67-68.
 {¶ 13} Applying the factors in Unger, appellant contends that while she did not indicate the length of delay she requested, the court's attitude suggested any delay she requested would not be entertained. Appellant asserts that no prior continuances had been requested. Further, appellant asserts that while the record possibly demonstrates inconvenience to three of appellee's witnesses if her continuance request is granted, no inconvenience would be imposed on the court or the litigants. Addressing whether the continuance was dilatory, appellant asserts that appellee did not object to the contents of the medical documents and did not argue that they did not support what appellant had stated. Finally, appellant contends the court should have considered appellant's status as a pro se litigant, arguing she was "less than knowledgeable of the perils attendant to proceeding on her own as a mother to seek recompense for the loss of her son." (Appellant's Brief at 8.)
 {¶ 14} Appellee contends appellant's reasons supporting her request for a continuance were inconsistent with the medical records provided to the court. Appellee asserts that appellant provided no records to indicate any medical problems from November 9, 2003 through April 26, 2004. Appellee asserts that because of her participation in the July 18, 2003 status/settlement conference, appellant was aware of the trial date. Based on the foregoing, appellee contends appellant had ample time to inform the court of her health issues and express her need for a continuance.
 {¶ 15} The Ohio Supreme Court has held that granting or denying a continuance of a scheduled trial or hearing is within the sound discretion of the trial court. State ex rel. Buck v. McCabe (1942),140 Ohio St. 535, 537, 24 Ohio Op. 552, 45 N.E.2d 763. An appellate court should be slow to reverse such a decision in the absence of an abuse of discretion that causes material prejudice to a defendant.Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291. An abuse of discretion occurs where the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 16} Applying the factors in Unger to the present case, we find appellant was informed on numerous occasions of the pending trial date. The court entered a scheduling order at the commencement of the lawsuit, setting the April 26, 2004 trial date. Appellant participated in the July 18, 2003 status/settlement conference in which the court confirmed the April 26, 2004 trial date. The court issued an entry on April 2, 2004, advising the parties of the April 26, 2004 trial date.
 {¶ 17} Further, the record does not establish appellant's physical condition from November 2003 through April 2004. Based on the record before us, we cannot discern that during that time, appellant informed the court of her medical issues and need for a continuance. Thus, the medical records appellant submitted did not support the basis for her continuance request.
 {¶ 18} Moreover, appellant's assertion that the court should have considered her pro se status as a relevant factor in support of her continuance request is unmeritorious. We have previously held that regarding procedural rules, pro se litigants are to be held to the same standards as members of the bar. Asset Acceptance LLC v. Evans, Franklin App. No. 04AP-36, 2004-Ohio-3382 at ¶ 9:
While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.
Id. citing In Justice v. Lutheran Social Servs. (Apr. 8, 1993), 10th Dist. No. 92AP-1153, 1993 Ohio App. LEXIS 2029 at *6; Jones v. Booker
(1996), 114 Ohio App. 3d 67, 70, 682 N.E.2d 1023.
 {¶ 19} Appellant relies on Burton v. Burton, 132 Ohio App.3d 473,725 N.E.2d 359, in support of her argument that the court abuses its discretion by not considering the Unger factors in determining whether or not a continuance should be granted. However, we find appellant's reliance on Burton is misplaced, as the court in this matter did consider the factors set forth in Unger. Here, the court reviewed the dates of the medical records submitted by appellant, which ended in November 2003. The records did not establish appellant's physical health from November 2003 through April 2004. Thus, appellant's medical records did not support her continuance request, as she had ample opportunity to inform the court of her need for a continuance. Moreover, although appellant participated in the July 18, 2003 status conference after she was admitted to the hospital for blood poisoning on May 12, 2003, the record does not reflect that she discussed her medical issues or possible need for a continuance of the trial date. Finally, appellee indicated its witnesses were inconvenienced because they were present to testify. Based on the facts gleaned from the record, we find appellant's continuance request was dilatory, she contributed to the circumstances that gave rise to her continuance request, and the trial court properly denied the same.
 {¶ 20} For the foregoing reasons, we hold the trial court did not abuse its discretion in denying appellant's motion for a continuance. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
French and Wright, JJ., concur.
Wright, J., retired of the Ohio Supreme Court, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] See Court of Claims of Ohio case No. 2001-8285.
[2] The record is silent as to whether or not appellant mentioned the blood poisoning at the July 18, 2003 status conference.
[3] The record does not reflect the date appellant was released from the hospital for fracturing her hip.
[4] The record does not reflect any documents were sent to the parties from the Court of Claims of Ohio on April 6, 2004.
[5] Appellant additionally argues that the court erred in dismissing the instant action pursuant to Civ. R. 41(B)(1). However, because appellant fails to assert this argument in her assignment of error or her statement of the issue presented for our review, we need not address the same. See App. R. 16.