OPINION
{¶ 1} The defendant-appellant, Keith Washington ("Keith"), appeals the April 15, 2005, Judgment of resentencing entered in the Court of Common Pleas, Marion County, Ohio.
 {¶ 2} On December 1, 2004, Keith was indicted in the Court of Common Pleas, Marion, Ohio in case number 04-CR-0474 on two counts of theft, a felony of the fifth degree and one count of possession of cocaine, a felony of the fifth degree. On December 21, 2004, Keith entered a guilty plea as to one count of theft and one count of possession of cocaine. On February 8, 2005, Keith was sentenced in case number 04-CR-0474 to two years community control sanctions on one count of theft and one count of possession of cocaine.
 {¶ 3} On February 23, 2005, Keith was indicted by the Court of Common Pleas, Marion, Ohio in case number 05-CR-0091 on one count of possession of heroin, a felony of the fifth degree, one count of operating a motor vehicle while intoxicated, a misdemeanor in the first degree, and one count of operating a vehicle without a valid license, a misdemeanor in the first degree.
 {¶ 4} On February 25, 2005, a probation violation was filed on case number 04-CR-0474 based on the acts that led to the charges in case number 05-CR-0091. On March 18, 2005, Keith pled guilty in case number 05-CR-0091 to the count of operating a motor vehicle while under the influence of alcohol, operating a vehicle without a valid license, and later added possession of cocaine. The possession of cocaine count was filed in the Bill of Information on March 18, 2005 and the heroin count was dismissed. The trial court then sentenced Keith in case number 05-CR-0091 to nine (9) months on the count of possession of cocaine, one hundred and eighty (180) days on the count of operating a motor vehicle while intoxicated and ninety (90) days on the count of operating a vehicle without a valid license to be served concurrently. In addition, he received a four hundred dollar ($400.00) fine and license suspension.
 {¶ 5} On March 18, 2005, Keith also stipulated to a violation of the community control sanctions in case number 04-CR-0474. He was sentenced to nine (9) months in prison to be served concurrently with the sentence in case number 05-CR-0091. On this date, Keith was granted a furlough by the trial court based on an agreement between the parties. He was ordered to be released from the Multi County Correctional Center and report to the Marion County Adult Probation Department at 4:00 p.m. on Friday March 18, 2005 to be placed in the Pretrial Release Program. On March 22, 2005, a bench warrant was issued for Keith's arrest on the grounds that he did not follow the terms of his furlough. On April 4, 2005, a sentencing hearing was scheduled and Keith was granted a furlough for surgery at Riverside. On April 12, 2005, another bench warrant was issued for Keith's arrest on the grounds that he had failed to return immediately after his surgery.
 {¶ 6} On April 15, 2005, a resentencing hearing was held on case number 04-CR-0474 and case number 05-CR-0091. The trial court found that Keith had not followed his furlough. In addition, the trial court sentenced him in case number 04-CR-0474 to eleven (11) months in prison on one count of theft and eleven (11) months in prison on one count of possession of cocaine, to be served concurrent with one another, and in case number 05-CR-0091 to one hundred and eighty (180) days and a four hundred dollar ($400.00) fine on the count of operating a motor vehicle intoxicated, ninety (90) days on the count of operating a vehicle without a valid license and eleven (11) months in prison on the count of possession of cocaine, to be served concurrent with one another. But the sentences in case number 04-CR-0474 and case number 05-CR-0091 were to be served consecutive to one another for a total term of twenty-two (22) months.
 {¶ 7} On May 3, 2005, Keith filed a notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE ITS REQUIREDFINDINGS AND TO SUPPORT THESE FINDINGS WITH REASONS WHEN ITORDERED CONSECUTIVE SENTENCING.
 Assignment of Error 2 THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY MR. WASHINGTON,PURSUANT TO R.C. § 2929.19. (sic) THAT HE MAY BE SUBJECT TO APERIOD OF POST-RELEASE SUPERVISION.
 Assignment of Error 3 THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. WASHINGTON BYDENYING HIS MOTION TO CONTINUE THE HEARING.
 Assignment of Error 4 THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THECONSTITUTION OF THE UNITED STATES WHEN IT SENTENCED MR.WASHINGTON BASED ON FINDINGS NOT REFLECTED IN THE JURY'S VERDICTOR ADMITTED BY MR. WASHINGTON.
 {¶ 8} Keith's first and fourth assignments of error shall be addressed together because both assignments of error pose issues concerning his felony sentencing. Keith claims in his first assignment of error that the trial court erred when it failed to make required findings and to support those findings with reasons when it ordered a consecutive sentence. Keith alleges in his fourth assignment of error that the trial court abused its discretion and violated his constitutional rights when it sentenced him based on findings not reflected in the jury's verdict or admitted by him.
 {¶ 9} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender and R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster, Keith's first and fourth assignments of error are sustained.
 {¶ 10} In his second assignment of error, Keith asserts that the trial court erred when it failed to notify him that he may be subject to a period of post-release supervision, pursuant to R.C.2929.19, during his resentencing hearing. It is unnecessary for us to address this assignment of error because the sentence is vacated and the matter is remanded for further proceedings pursuant to the first and fourth assignments of error. Therefore, the trial court has the opportunity to address this issue at the new sentencing hearing. Accordingly, Keith's second assignment of error shall be sustained to this extent only.
 {¶ 11} Keith claims in his third assignment of error the trial court erred in denying his motion for continuance. The decision whether to grant or deny a continuance lies within the broad discretion of the trial court. State v. Jones (2001),91 Ohio St.3d 335, 342, citing State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; State v.Adams (1980), 62 Ohio St.2d 151, 157-58, 404 N.E.2d 144.
 {¶ 12} The standard of review relative to a decision on a motion for continuance is stated in Burton v. Burton (1999),132 Ohio App.3d 473, 725 N.E.2d 359 citing State v. Unger
(1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In Burton, we stated:
The review of a decision on a motion for continuance requiresthe appellate court to apply a balancing test, weighing the trialcourt's interest in controlling its own docket, includingfacilitating the efficient dispensation of justice, versus thepotential prejudice to the moving party. There are objectivefactors that a court must consider in determining whether togrant a continuance. These factors include the length of thedelay requested; whether previous continuances have been granted;the inconvenience to the parties, witnesses, attorneys and thecourt; whether the request is reasonable or purposeful andcontrived to merely delay the proceedings; and whether the movantcontributed to the circumstances giving rise to the request. [State v.] Unger [(1981)], 67 Ohio St.2d [65,] 67-68,21 O.O.3d at 42-44, 423 N.E.2d 1079-1081.
 Burton, 132 Ohio App.3d at 476.
 {¶ 13} In the case at hand, Keith claims that his counsel had been appointed only two weeks prior to the resentencing hearing where his counsel requested the trial court grant a continuance. In addition, Keith states that there had been only one other prior continuance that had been granted so that he could receive a heart catheterization surgery. However, Keith's counsel did not indicate that he needed more time to prepare for the resentencing hearing. At the resentencing hearing, the trial court inquired as to the grounds for the continuance and Keith's counsel stated "He (Keith) says he's unprepared."
 {¶ 14} We cannot find that the trial court abused its discretion when it denied Keith's request for a continuance. In applying a balancing test, weighing the trial court's interest in controlling its own docket versus the potential prejudice to the moving party, it could be deemed that the length of the delay, the inconvenience to the parties, witnesses, attorneys and the court provide that the trial court's interest outweighs the potential prejudice to the moving party. See Burton, supra. Therefore, Keith's third assignment of error is overruled.
 {¶ 15} Accordingly, Keith's third assignment of error is overruled. However, due to our resolution of the first, second and fourth assignments of error the sentences are vacated and the matters are remanded for further proceedings pursuant toFoster.
 Judgments affirmed, sentences vacated and cause remanded.
 Bryant, P.J., and Rogers, J., concur.