OPINION
{¶ 1} Defendant-appellant, Kevin Stevens (hereinafter "Stevens"), appeals the Allen County Common Pleas Court's judgment of conviction and its imposition of sentence. For reasons that follow, we affirm.
 {¶ 2} On February 9, 2006 around 12:50 a.m., Stevens went to his girlfriend's residence to speak with her. Stevens began banging on the door, but *Page 3 
did not receive a response. Stevens then broke the door's glass, reached in, unlocked the door, and entered the residence. While inside, Stevens assaulted his girlfriend and another male staying at the residence.
 {¶ 3} Following the incident, Stevens telephoned his girlfriend to apologize for the incident, but subsequently fled to Texas, even though he was on supervision by the adult parole authority and not permitted to leave Ohio without permission. Stevens was also previously determined to be a sexual predator, which required that he register any change of address twenty days prior to such change. R.C. 2950.05(A).
 {¶ 4} On June 14, 2006, the Allen County grand jury issued a three-count indictment against Stevens charging him with: (1) one count of burglary in violation of R.C. 2911.12, a second degree felony, which was assigned case number CR 2006 0284; (2) one count of escape in violation of R.C. 2921.34, a second degree felony, which was assigned case number CR 2006 0364; and (3) one count of failure to provide a change of address in violation of R.C. 2950.05, a fifth degree felony, which was assigned case number CR 2006 0358.
 {¶ 5} On July 27, 2006, the trial court appointed Marie VonderEmbse as Stevens' counsel. On September 7, 2006, Stevens requested that VonderEmbse be released and that the trial court provide new court-appointed counsel. The trial court allowed the release and assigned Mr. Jerry Pitts as Stevens' trial counsel on *Page 4 
September 8, 2006. On October 25, 2006, Stevens again approached the trial court and requested that a new attorney be assigned to the case. The trial court allowed the change and appointed Mr. William Kluge as Stevens' new attorney.
 {¶ 6} On April 10, 2007, six days prior to Stevens' scheduled jury trial, he requested to proceed pro se and for the court to grant him a continuance to prepare for trial. Following a colloquy with Stevens, the trial court determined that he did not knowingly, intelligently, and voluntarily waive his right to counsel. Accordingly, the trial court denied Stevens' request to proceed pro se and his request for a continuance.
 {¶ 7} On April 12, 2007, Stevens withdrew his previously tendered pleas of not guilty and tendered pleas of no contest to amended charges of burglary and escape, third degree felonies, and failure to provide a change of address, a fifth degree felony. The trial court subsequently found Stevens guilty and sentenced him as follows: three years imprisonment on count one; one year imprisonment on count two; and one year imprisonment on count three. The trial court further ordered that the three prison terms all run consecutively to each other, for a total of five years imprisonment.
 {¶ 8} On May 14, 2007, Stevens timely filed his notice of appeal in all three cases. On May 16, 2007, this Court consolidated case numbers 1-07-36, 1-07-37, and 1-07-38 for appeal. *Page 5 
 {¶ 9} Stevens now appeals and asserts two assignments of error for review. Since both assignments of error raise related issues, we will address them together.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT BELOW COMMITTED IN [SIC] ERROR PREJUDICIAL TO THE DEFENDANT BY CONSTRUCTIVELY DENYING HIM THE RIGHT TO REPRESENT HIMSELF IN HIS CRIMINAL TRIAL PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT BY ACCEPTING HIS PLEA OF NO CONTEST AFTER DENYING HIM HIS RIGHT TO SELF REPRESENTATION IN DENYING A CONTINUANCE TO THE DEFENDANT TO PREPARE FOR SUCH SILVER [SIC] PRESENTATION IS [SIC] SUCH A PLEA IS INHERENTLY INVOLUNTARY.
 {¶ 10} In his first assignment of error, Stevens argues that the trial court constructively denied his right of self representation guaranteed by the Sixth Amendment of the U.S. Constitution. Specifically, Stevens alleges that counsel was thrust upon him against his will because the trial court failed to grant his continuance to prepare for trial so that he could represent himself. In his second assignment of error, Stevens argues that since his right to self representation was denied, his tendered no contest pleas were involuntary. *Page 6 
 {¶ 11} The State does not dispute that Stevens had a right of self-representation; however, the State argues that the trial court correctly determined that Stevens did not knowingly, intelligently, and voluntarily waive his right to counsel thereby enabling him to proceed pro se. Without such a waiver, the trial court would commit reversible error in allowing the defendant to proceed pro se. As to Stevens' second assignment of error, the State contends that the trial court has broad discretion when deciding whether a continuance ought to be granted, and here the trial court properly considered the relevant factors when denying Stevens' request. We agree with the State that trial court did not err in this case.
 {¶ 12} The State may not "hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense"; however, "in order to represent himself, the accused must `knowingly and intelligently' forgo [his or herSixth Amendment right to counsel]." Faretta v. California (1975),422 U.S. 806, 807, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562, citing Johnson v.Zerbst (1938), 304 U.S. 458, 464-65, 58 S.Ct. 1019; Cf Von Moltke v.Gillies (1948), 332 U.S. 708, 723-24, 68 S.Ct. 316, 323, 92 L.Ed. 309
(plurality opinion of Black, J.). A strong presumption exists against waiving a defendant's Constitutional right to counsel. State v.Gibson (1976), 45 Ohio St.2d 366, 377, 345 N.E.2d 399. "[W]hether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances *Page 7 
surrounding that case, including the background, experience, and conduct of the accused." In re Nation (1989), 61 Ohio App.3d 763, 766,573 N.E.2d 1155, citing Zerbst, 304 U.S. 708.
 {¶ 13} Stevens' argument that he was denied his Constitutional right of self-representation lacks merit. Stevens correctly points out that a State may not "hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense"; however, the State is also correct that "in order to represent himself, the accused must `knowingly and intelligently' forgo [his or her Sixth Amendment right to counsel]." Faretta, 422 U.S. at 807, 835, citing Zerbst, 304 U.S. at 464-65; Cf. Gillies, 332 U.S. at 723-24
(plurality opinion of Black, J.). In this case, the trial court concluded that Stevens' "waiver of counsel has not been made properly and unequivocally"; and therefore, was not tendered knowingly and intelligently. (Apr. 10, 2007, T. at 20). The record supports the trial court's finding.
 {¶ 14} The trial court considered the background, experience, and conduct of the accused. The trial court first asked:
 Do you understand, Mr. Stevens, if the court grants you your wish that you will be — you will have all the responsibilities of an attorney? The court cannot grant you any further leeway than an attorney? You will be responsible for knowing the rules of evidence? That if you attempt to make statements rather than ask questions the court will admonish you and will not allow the jury to consider any statements when you are examining *Page 8 witnesses? That those — you will be required to ask questions as an attorney would? Do you understand that?
(Id. at 12). Stevens replied, "Yes, Sir, I understand that. But your Honor." (Id.). The trial court also asked if Stevens had any legal training or had ever represented himself in a prior criminal matter. (Id. at 14). Stevens denied having any legal training or prior experience. (Id.). The court continued:
 The Court: Do you understand that you'll be held to the same standard as any lawyer that might appear in a similar matter?
 Mr. Stevens: Yes, I do understand that.
 The Court: Do you understand that the court will not function as your lawyer? Do you understand that the court will not and cannot give you legal assistance? Do you understand that?
 Mr. Stevens: Yes, Sir, I do understand that.
 The Court: Do you understand that if you represent yourself you will give up the right to later claim that you did not have effective and proper legal counsel?
 Mr. Stevens: Your Honor, I understand that, but if I don't —
 The Court: Do you understand that?
 Mr. Stevens: — if I'm not able to prepare my own defense and get ready for trial then I'm asking for the court —
 * * *
 The Court: Are you making this decision freely and voluntarily and does it reflect your own personal desire to represent yourself?
 Mr. Stevens: I'm making this choice, your Honor, because there's things that need to be looked at and I don't feel that it's been looked at.
 * * *
 The Court: And the court had already asked questions of Mr. Stevens and the court has strongly, strongly, strongly recommend [sic] that you take your attorney's advice and have him representing you sitting at your — the counsel table. Otherwise, he will be sitting not at the counsel table but back and cannot assist you in the normal sense. Do you understand that? *Page 9 
 Mr. Stevens: Yes, your Honor, I understand that.
 The Court: And you're still wishing to represent yourself?
 Mr. Stevens: I feel that if I'm not going to be able to —
 The Court: Is that what you want to do is represent yourself or do you want Mr. Kluge to represent you?
 Mr. Stevens: Your Honor, if there's no way that I can prepare for a proper defense for myself and that I don't have a right to have these dudes looked at under scrutiny here —
 The Court: They have the —
 Mr. Stevens: Then I guess I would have to say then that I might as well let Mr. Kluge represent me if my rights are getting violated for me to —
(Id. at 15-20).
 {¶ 15} Our review of the record, reveals that the trial court's finding that Stevens' waiver was not properly made is supported by the evidence. Arriving at its conclusion, the trial court looked beyond Stevens' lack of experience and found that his waiver was equivocal. Stevens wanted to represent himself but only on the condition that the trial court continued the trial for him to prepare; however, when the trial court denied his request for continuance, then Stevens indicated "I might as well let Mr. Kluge represent me." (Id.). Strictly speaking, then, the trial court did not deny Stevens' right to self representation; rather, the trial court concluded that Stevens did not waive counsel. Under these circumstances, Stevens could not represent himself. Faretta, 422 U.S. at 807, 835, citing Zerbst,304 U.S. at 464-65; Cf. Gillies, 332 U.S. at 723-24 (plurality opinion of Black, J.). Thus, the trial court did not err in denying Stevens' request to proceed pro se.
 {¶ 16} Stevens' first assignment of error is, therefore, overruled. *Page 10 
 {¶ 17} Stevens' argument that his no contest pleas were not tendered voluntarily because he was denied his right to self representation when the trial court denied his request for a continuance is also without merit. We have already explained that Stevens' right to self-representation was not violated since the trial court determined that Stevens did not waive his right to counsel. As to his claim regarding the trial court's failure to grant his request for a continuance, the trial court is vested with broad discretion when granting or denying a continuance. State v. Jones (2001),91 Ohio St.3d 335, 342, 744 N.E.2d 1163, citing State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078. An appellate court will not reverse the denial of a continuance unless the trial court abused its discretion. Id. "Abuse of discretion" is more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140; State v. Adams (1980), 62 Ohio St.2d 151, 157-58,404 N.E.2d 144.
 {¶ 18} When reviewing a trial court's decision on a continuance, the appellate court must "apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." Burton v. Burton (1999), 132 Ohio App.3d 473, 476,725 N.E.2d 359. The trial court may consider several factors when determining whether to grant a continuance, including: (1) *Page 11 
the length of the delay requested; (2) whether previous continuances have been granted; (3) the inconvenience to the parties, witnesses, attorneys, and the court; (4) whether the request is reasonable or purposeful and contrived to merely delay the proceedings; (5) and whether the movant contributed to the circumstances giving rise to the request. Id., citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078; State v. Hines, 3d Dist. No. 9-05-13, 2005-Ohio-6696, ¶12.
 {¶ 19} Applying these legal standards, we cannot conclude that the trial court abused its discretion in denying Stevens' continuance request. First, considering the length of delay, Stevens did not request a specific amount of time for his continuance. The trial court could consider this fact when deciding on Stevens' motion pursuant toUnger, supra. Foley v. Foley, 10th Dist. Nos. 05AP-242, 05AP-463,2006-Ohio-946, ¶ 18.
 {¶ 20} Second, considering whether previous continuances were granted, Stevens had previously requested that new counsel be appointed two times. (284R. at 14, 31; Apr. 10, 2007 T. at 3). Each time new counsel was appointed, the court also granted a continuance. (284R at 15, 28; Apr. 10, 2007 T. at 3). Just six days prior to his scheduled jury trial, Stevens again requested that his appointed counsel be removed; that the court allow him to proceed pro se; and that the court grant him a continuance to prepare a defense. (Apr. 10, 2007 T. at 2, 4, 13, 19). In addition to these two delays, the matter was also continued for a competency *Page 12 
evaluation. (284R. at 45, 46, 53; Apr. 10, 2007 T. at 4). A review of the record indicates that the trial court weighed these prior continuances when rendering its ruling on Stevens' request.
 {¶ 21} Third, considering the inconvenience to the parties, witnesses, attorneys, and the court, Stevens' attorney and the Prosecutor informed the court that they were prepared for trial. (Apr. 10, 2007 T. at 1, 17). The record indicates that the State had already subpoenaed witnesses. (284R. at 60-66, 68). As previously indicated, the record also indicates that the court had already granted several continuances, causing delay to all the parties involved.
 {¶ 22} Fourth, considering Stevens' purpose in seeking the continuance, the trial court could factor the previous continuances, the alleged breakdowns in communication between Stevens and counsel, and Stevens' overall demeanor to conclude that his continuance request was a delay tactic rather than a reasonable request.
 {¶ 23} Fifth, and finally, the court had evidence before it to conclude that Stevens contributed to the circumstances giving rise to the request. In total, Stevens was unable to communicate with three different court-appointed attorneys. When Stevens' third attorney, Mr. Kluge, was asked by the court if communication had broken down as Stevens alleged, Kluge responded:
 I don't think so, Judge. We've been able to discuss legal issues. And I have told Kevin what he should do, although we have a *Page 13 disagreement about what he wants me to do and I think I should do, I told Kevin that he should make a list, if the court's going to allow him to be his own counsel, and just run those things by the court before trial on Monday morning and have the court issue a ruling or file it on Friday with the court and the court can rule on them over the weekend and we're prepared to go Monday.
(Apr. 10, 2007 T. at 6). Consequently, from this testimony and other circumstances outlined above, the trial court could determine that Stevens' request was not a reasonable one but a purposeful delay tactic.
 {¶ 24} In conclusion, reviewing the record in this case, the trial court properly analyzed the Unger factors and, therefore, did not abuse its discretion in denying Stevens' continuance request.
 {¶ 25} Stevens' second assignment of error is, therefore, overruled.
 {¶ 26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments Affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1