OPINION
{¶ 1} Defendant-appellant, Kevin J. O'Brien, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted a motion by plaintiff-appellee, Carol Hamilton O'Brien, to dismiss appellant's objections to a magistrate's decision in the parties' divorce action.
 {¶ 2} Although these parties have been involved in extensive litigation regarding all aspects of their divorce, the particular order now on appeal involves a June 2004 magistrate's decision that focused primarily upon custody and child support issues regarding two of the parties' three sons, and that ultimately awarded appellee custody of both of the older sons.
 {¶ 3} The magistrate's decision found that neither parent had filed a closing argument nor any proposed child support worksheets. After finding that appellant's proposed findings of fact did not address support or contempt issues, the magistrate assumed appellant had no conflict with these issues. The magistrate determined that there had been changes in the circumstances of both the parents and the children, including that two of the children had spent more time with appellant than had been previously ordered. The magistrate considered the best interests of the children, concluding that it was not in Eamon's best interest to reside with appellant. The magistrate also completed the child support worksheets for these parties.
 {¶ 4} Based upon the evidence before her, the magistrate concluded that: (1) appellant's motion to modify parental rights and responsibilities should be overruled, with appellee remaining the custodial parent; (2) the Franklin County Child Support Enforcement Agency ("FCCSEA") should recalculate appellant's support obligation. Regarding this issue, the magistrate found that the trial court had escrowed the support payments since September 2001, and that, if appellant had overpaid, FCCSEA should release any excess amounts to appellant; and (3) appellant is guilty of contempt for violating court orders regarding parenting time, therefore the magistrate recommended granting appellee's two separate contempt motions and sentencing appellant to a total of four days in jail, with the jail time suspended upon appellant's payment of attorney fees in the amounts of $500 and $750.
 {¶ 5} The trial court issued a judgment entry immediately adopting the magistrate's decision unless one or both parties timely objected. On July 9, 2004, appellant timely filed an objection to this decision, but did not timely request a hearing or make arrangements for the preparation of a transcript in compliance with Loc.R. 9 of the Court of Common Pleas of Franklin County, Division of Domestic Relations ("Loc.R. 9"). In his objections, appellant protested specifically that: (1) his motion to modify parental rights and responsibilities should have been granted because the manifest weight of the evidence demonstrated that Eamon had been residing with appellant and was thriving; (2) the magistrate's support findings were against the manifest weight of the evidence; (3) appellant was not in contempt for violating court orders regarding parenting time; (4) the magistrate's overruling of a guardian ad litem's prior motion for fees was erroneous; (5) it was not in the children's best interests to undergo psychological treatment, so the magistrate should not have overruled appellant's motion for an order prohibiting psychological treatment; and (6) appellant was not served with a copy of the magistrate's decision; rather, his former counsel had been served, even though he had withdrawn from the case and notified the court. Finally, appellant stated that a transcript "will be ordered and filed forthwith."
 {¶ 6} On September 3, 2004, appellee moved to dismiss appellant's objections on the grounds that appellant had failed to meet the requirements of the local rule by promptly supporting his objections. Appellee's motion to dismiss also included a notice that the matter was scheduled for a hearing on September 24, 2004. Although the record reflects that appellee, using regular mail, served this motion on appellant, the court, the guardian ad litem, and an attorney for one of the minor children, and, despite the fact that appellee claims she used the same business address she successfully had used for appellant in the past, appellant maintains that he never received notice of this motion or the notice of hearing.
 {¶ 7} Although he claimed that he never received notice, only 45 minutes after the filing of appellee's motion to dismiss, appellant paid his deposit for a transcript and set his objections for a hearing on October 14, 2004. These actions did not comply with Loc.R. 9, which required him to give the notice of hearing simultaneously with filing the objections and required him to make a deposit for the transcript within three days of filing the objections.
 {¶ 8} The court heard appellee's motion to dismiss on September 24, 2004. When appellant failed to appear at the hearing, the trial court had the bailiff contact appellant by telephone and instruct him to come to court immediately. Appellant arrived one hour later than the scheduled time for the hearing and explained that, because he had not received notice of the motion to dismiss, he had been unaware of the hearing. Appellant orally moved to continue the case on the basis that he was without counsel, he was not prepared to argue his objections, and the transcript would not be ready until some time in December 2004.
 {¶ 9} The trial court denied appellant's motion to continue the case and granted appellee's motion to dismiss appellant's objections to the magistrate's decision. The court's judgment entry stated, in full:
This matter came before the Court on September 24, 2004, upon Plaintiff Carol H. O'Brien's (hereafter Plaintiff) Motion [to] Dismiss Defendant's Objection to the Magistrate's decision filed September 3, 2004. Plaintiff appeared represented by Attorney Jefferson E. Liston, and Defendant (also an attorney) appeared pro se. In addition, both Guardian ad Litem Lora H. Cleary and Attorney for the minor child Ralph S. Silvestri, Jr. appeared for the hearing.
The instant hearing was scheduled for 10 o'clock AM. However, it was only demanding Defendant's appearance did he arrive at 11 o'clock AM. At the outset of the hearing, Defendant requested a continuance claiming lack of notice of the instant hearing. However, the Court denied Defendant's request for the following reasons:
1. Local rules only require Certificate of Service, which Plaintiff completed upon the Motion itself.
2. All of the other individuals named in the Certificate of Service timely received notice of the instant hearing.
3. Within one hour of Plaintiff filing her Motion to Dismiss, Defendant filed a Notice of Hearing and made written arrangements to have a transcript prepared, thereby attempting to cure the specific defects alleged in Plaintiff's Motion to Dismiss.
For the above-stated reasons, the Court finds Defendant's argument that he was not served with notice of the instant hearing to be disingenuous. As such, the oral Motion for Continuance was denied and the hearing proceeded on the merits.
With respect to the merits of Plaintiff's Motion, Plaintiff argued that Defendant failed to comply with Local Rules 9 and 13(D) requiring a movant to order a transcript for an objection hearing within three days of filing and to set the matter for hearing at the time of filing.
The Magistrate caused her decision to be filed on or about June 25, 2004. Defendant proffered no evidence of any attempt on his part to comply with the above-stated rules until after Plaintiff filed her Motion to Dismiss on September 4, 2004. As a direct result, none of the tens of thousands of dollars currently being escrowed by the CSEA (for more than two years) have been released to Plaintiff in payment of Defendant's court-ordered child support obligation, to Plaintiff's obvious detriment.
WHEREFORE, the Court finds that Plaintiff's Motion to Dismiss is welltaken as a matter of law and a matter of equity, and the same is herebyGRANTED. The Court finds that Defendant appears before this Court in an shameful attempt to manipulate his the Court, former spouse and the parties' children. [sic] Therefore, Defendant's July 9, 2004 Objection to the June 25, 2004 Decision of the Magistrate is hereby DISMISSED, withprejudice.
 IT IS SO ORDERED!
(Emphasis sic.)
 {¶ 10} Appellant now assigns the following as error:
The trial court failed to accord appellant due process of law when it sustained appellee's motion to dismiss appellant's objections to the magistrate's decision when appellant was not served with a copy of appellee's motion to dismiss, had no notice of the hearing on same, was not represented by counsel and requested only a reasonable continuance of the hearing.
 {¶ 11} Appellant's assignment of error raises two interrelated issues: whether it was an abuse of discretion for the trial court to deny his motion for a continuance and whether the dismissal of his objections was appropriate under the circumstances.
 {¶ 12} The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981),67 Ohio St.2d 65, 67. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The circumstances present in each case should be considered in determining whether a trial court abuses its discretion in denying a motion for continuance. Ungar v.Sarafite (1964), 376 U.S. 575, 589. The reviewing court must apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party. Burton v.Burton (1999), 132 Ohio App.3d 473, 476, citing Unger at 67-68. The trial court must consider the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys, and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request. Id.
 {¶ 13} In DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, the Ohio Supreme Court set forth the test for determining when a court abuses its discretion in dismissing a case for violation of a local rule. Although DeHart involved an appellate court's dismissal of an appeal, its holding is nevertheless apt. The court stated, in the syllabus:
A court of appeals abuses its discretion when, after dismissing a case, sua sponte, for a minor, technical, correctable, inadvertent violation of a local rule, it refuses to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits.
 {¶ 14} While noting that a court has the prerogative to set up a system of local rules that allow it to "get right to the focal point of each case and expedite the orderly flow of its business, thus vindicating the public's interest in the prompt and efficient dispatch of justice[,]" the court in DeHart also emphasized the fundamental tenet of judicial review in Ohio of courts deciding cases on the merits. Id. at 191. Thus, "[j]udicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." Id. at 192. The court added: "[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way." Id. at 193.
 {¶ 15} Here, the trial court determined that appellant's failure to comply with Loc.R. 9 required a dismissal. However, given the circumstances, we cannot agree that appellant's conduct constituted a "flagrant, substantial disregard for the court rules." Id.
 {¶ 16} Loc.R. 9 provides, in part:
A decision of a Domestic Magistrate may be reviewed by the assigned Judge of this Court by filing an objection in accordance with Rule 53 of the Ohio Rules of Civil Procedure with the Clerk and giving notice to the opposing party or his attorney of the date on which the matter is to be heard or submitted for decision.
The objection should be accompanied by supporting memorandum. If a finding of fact or weight of the evidence is part or all of the basis for objection, a transcript of the testimony is necessary to support the objection to the Magistrate's decision and must be filed with the Court.
The request and deposit for said transcript shall be submitted to the proper court reporter within three (3) days after the filing of said objections. * * * At the time of ordering of a transcript, the ordering counsel or party shall arrange for payment to the proper official Court Reporter. An advance deposit shall be posted with the Court Reporter by the ordering counsel or party, with the balance due prior to delivery of a copy or the filing of an original with the Court.
* * *
Requests for transcripts for the benefit of indigent parties shall be submitted to the Court and supported by affidavit for authorization by the Court prior to the Court Reporter's commencement of the transcribing.
Failure to file a transcript when one is required by this Rule is a basis for dismissal of the objection.
 {¶ 17} At the September 24 hearing, the trial court focused upon the fact that appellant filed his transcript request and notice of hearing within an hour of the filing of appellee's motion to dismiss. The court stated: "I'm not saying that you're being less than truthful with the Court, but that is an awfully, awfully odd coincidence, you must admit." (Tr. at 8.) Due to appellant's delay in filing his notice of hearing on his objections and his request for a transcript, the court stated: "[I]n some ways I feel this motion is moot, but at the same time [appellee's counsel] has a right to proceed and argue with the Court why he believes the Court should not entertain your objection." (Tr. at 8). Appellee's counsel then argued the objections should be dismissed because appellant was nearly two months late in filing his notice of hearing and request for transcript. Appellant explained that, at the time he filed his objections, he lacked the $4,000 the reporter informed him it would cost to prepare a transcript. He indicated that the transcript would not be ready until December. The following exchange took place:
THE COURT: Well, my concern is this. If I were to overrule [appellee's counsel]'s objection, then I would want this set for hearing immediately so this could be resolved and not wait until December.
And there's no point in me overruling [the motion to dismiss] and setting this for a hearing immediately if you can't afford to get those transcripts out. There's no point.
If that's the case, I may as well grant the [motion to dismiss] * * *. You're asking me to make an exception to the rule. [Appellee's counsel]'s absolutely right and entitled to his dismissal as a matter of law.
* * *
THE COURT: If I can give Ms. O'Brien a hearing next week and the transcripts are done, fine. If not, he's entitled to a ruling. I think it would be fair to do this quickly if he can get it done quickly. If he can't get it done quickly, I'm going to give relief that was granted because you did not comply with the local rule.
(Tr. at 16-17, 19.) After the bailiff called the court reporter's office and learned that the transcript would not be ready until late November or early December, the court granted the motion to dismiss appellant's motion, stating: "I'm going to grant the motion. I don't think it's fair to make her wait." (Tr. at 19.)
 {¶ 18} On this record, we find that the trial court abused its discretion in denying the continuance and granting the motion to dismiss. The court's entry does not indicate that appellant had previously asked for continuances, or that he requested this one only to delay the proceedings. Upon being informed of the hearing on the motion to dismiss, appellant immediately went to the courtroom, where other counsel, parties and the judge had been waiting for about one hour. Appellant then offered the explanation that he had not been served notice of the motion to dismiss and pointed out to the court that he had made prompt appearances in all prior hearings. In addition, appellant explained it was coincidence that he filed documents setting his objections for hearing and requesting a transcript only shortly after appellee filed her motion to dismiss. Because everyone else involved had received notice, appellee's counsel had a proper certificate of service, and appellant's filing was suspiciously close in time, the court found appellant's testimony "disingenuous."
 {¶ 19} Admittedly, appellant's actions delayed the proceedings. Pursuant to Loc.R. 9, because several of appellant's objections to the magistrate's decision raised manifest weight questions, appellant had to provide the transcript as necessary support. Appellant claimed that, at the time he filed his objections, he did not have the money for the transcript, which, because it involved a lengthy hearing, was going to cost approximately $4,000 to prepare. Although the best course of action would have been for appellant to bring the issue of his lack of funds to the court's attention at the time he filed his objections, we do not see evidence in the record that this delay resulted in substantial prejudice to appellee.
 {¶ 20} The court's entry refers to the detrimental financial impact upon appellee from appellant's delay. "As a direct result, none of the tens of thousands of dollars currently being escrowed by the CSEA (for more than two years) have been released to Plaintiff in payment of Defendant's court-ordered child support obligation, to Plaintiff's obvious detriment." The court's finding in that respect appears to be in error. Appellant argues, and appellee does not dispute, that the vast majority of the escrowed funds actually belonged to appellant. According to appellant, following the court's dismissal, he received about $33,000 of the $36,000 held in escrow; appellee received approximately $3,000.
 {¶ 21} Moreover, appellee did not base her motion to dismiss on any prejudice, financial or otherwise, resulting from appellant's delay. Rather, appellee based her motion on purely procedural grounds, that is, appellant's failure to meet the local rule requirements. Given that appellee's motion raised no prejudice from the delay, that it was appellant who was owed "tens of thousands of dollars," and that appellant had already expended $2,000 as down payment for the transcripts, the court's forbearance in continuing the matter until December, thus allowing appellant to be heard on his objections, would have been a reasonable accommodation of both parties' interests.
 {¶ 22} In so holding, we acknowledge this court's previous decision inLanning v. Lanning (May 25, 1995), Franklin App. No. 94APF12-1710. In that case, the appellant charged error in the trial court's dismissal of her objections to the magistrate's decision based upon her failure to file a transcript. Although Lanning recognized that Loc.R. 9 allowed the trial court to dismiss the objections for failure to file a required transcript, in that case we found the court abused its discretion in dismissing because the record showed that the appellant had actually ordered the transcript some ten days after filing her objections, and that the transcript was, in fact, filed within days of the hearing on the appellee's motion to dismiss and before the trial court journalized the dismissal. In the case at bar, appellant ordered his transcript on September 3, 2004, and, thus, three weeks passed between the time appellant requested the transcript and the hearing on the motion to dismiss.
 {¶ 23} Finally, we acknowledge a trial court need not only to control its docket, but also to exercise that control based on its assessment of a party's credibility and past practices. Nevertheless, we cannot lose sight of the ultimate consequences of the trial court's denial of a continuance and dismissal of appellant's objections based on procedural errors alone: not just financial consequences for the parties, but much more significant changes for one of their children.
 {¶ 24} Based upon these considerations, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter for consideration of appellant's objections to the magistrate's decision.
Judgment reversed and cause remanded with instructions.
Brown, P.J., and Klatt, J., concur.