[Cite as *Lang v. Grossman*, 2019-Ohio-2019.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Melissa R. Lang, | : | |
| Plaintiff-Appellee, | : | No. 18AP-632 |
| v. | : | (C.P.C. No. 02JU-08-12885) |
| Aaron S. Grossman, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 23, 2019

**On brief:** *Joseph & Joseph Co., LPA*, and *S. Kyle Dodderer*, for appellee. **Argued:** *S. Kyle Dodderer*.

**On brief:** *Gary J. Gottfried, Co., LPA, Gary J. Gottfried*, and *Nick M. Pasquarella*, for appellant. **Argued:** *Gary J. Gottfried*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Defendant-appellant, Aaron S. Grossman, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in favor of plaintiff-appellee, Melissa R. Lang. For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 4, 2004, the trial court issued an agreed entry establishing the father-child relationship between appellant and minor child, Logan Lang, born to appellee on January 11, 2002. Appellant and appellee were never married and reside separately.

The juvenile court ordered appellant to pay child support in the amount of $813.74 per month.

{¶ 3} On October 17, 2016, the Franklin County Child Support Enforcement Agency recommended appellant's child support be modified to $1,171.67 per month. On October 26, 2016, appellee objected to the modification and filed a request for an administrative adjustment hearing. On August 2, 2017, a court magistrate held a hearing on appellee's objection, and on September 20, 2017, the magistrate recommended an increase in appellant's child support obligation to $4,646.92 per month.

{¶ 4} On December 11, 2017, appellant timely filed two objections to the magistrate's decision as follows:

> [1.] The Magistrate failed to conduct a case by case analysis as required by Ohio Revised Code 3119.04(B) taking into consideration the needs and standard of living of the child who is the subject of the child support order.
>
> [2.] The Magistrate incorrectly calculated child support by using a percentage to determine child support in excess of $150,000.00 which is not consistent with Ohio Revised Code 3119.04(B).

{¶ 5} Appellant's objections to the magistrate's decision resulted in a stay of the magistrate's order pending the trial court's disposition of the objections. On February 1, 2018, appellee filed a motion to dismiss appellant's objections due to appellant's failure to timely request a trial transcript, pay the required deposit, and request a hearing on his objections, in violation of Juv.R. 40(D)(3)(b)(iii) and Loc.R. 8(1) of the Franklin County Court of Common Pleas, Juvenile Division. On February 5, 2018, appellant filed the trial transcript 25 days past the date required by Juv.R. 40(D)(3)(b)(iii). On June 14, 2018, the trial court held an evidentiary hearing on appellant's objections and appellee's motion to dismiss. The trial court granted appellee's motion to dismiss appellant's objections on finding appellant "failed to comply with Loc.R. 8 and timely request and submit a deposit with the supervising stenographer for production of the transcript." (Aug. 8, 2018 Decision at 5.) Finding no error of law or other defect on the face of the magistrate's decision, the trial court adopted the magistrate's decision as its own, including the findings of fact and conclusions of law set forth therein. The trial court also awarded attorney fees of $750 to appellee pursuant to R.C. 3105.73.

{¶ 6} Appellant timely appealed to this court from the judgment of the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

> 1. The trial court erred and abused its discretion by dismissing Appellant's Objection to the Magistrate's Order of December 4, 2017 because the Appellant did not timely request a transcript as provided in Franklin County Local Juvenile Rule 8.
>
> 2. The trial court erred and abused its discretion by awarding to the Appellee $750.00 in attorney's fees when the Appellee failed to provide any evidence or submit testimony as to the amount of attorney's fees incurred or the reasonableness or appropriateness of the fees charged.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 8} In appellant's first assignment of error, appellant contends the trial court abused its discretion when it dismissed his objection to the magistrate's decision due to appellant's failure to comply with Loc.R. 8(1) of the Court of Common Pleas of Franklin County, Juvenile Division. We agree.

{¶ 9} In *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189 (1982), the Supreme Court of Ohio set out the test for determining when a court abuses its discretion in dismissing a case for violation of a local rule. Although *DeHart* involved the dismissal of an appeal, the ruling of the Supreme Court applies with equal weight to the facts in this case. The court stated in the syllabus:

> A court of appeals abuses its discretion when, after dismissing a case, sua sponte, for a minor, technical, correctable, inadvertent violation of a local rule, it refuses to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits.

{¶ 10}  The Supreme Court acknowledged Ohio courts have the authority to institute local rules designed to "get right to the focal point of each case and expedite the orderly flow of its business, thus vindicating the public's interest in the prompt and efficient dispatch of justice," but the court "hasten[ed] to emphasize * * * a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *Id.* at 191, 192.  The court further cautioned that "[j]udicial discretion must be carefully -- and cautiously -- exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *Id.* at 192.  The *DeHart* court explained that "[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.  Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way." *Id.* at 193.

{¶ 11}  In *Lanning v. Lanning*, 10th Dist. No. 94APF12-1710 (May 25, 1995), this court had an opportunity to employ the *DeHart* test in reviewing a trial court's dismissal of objections to a magistrate decision due to appellant's failure to file a transcript.  In *Lanning*, a referee issued a report that recommended the father be named residential parent and that the mother be ordered to pay child support.  The mother objected, but the trial court dismissed her objections because she failed to timely request and file the trial transcript.

{¶ 12}  This court in *Lanning* recognized that Loc.R. 9 of the Court of Common Pleas Franklin County, Domestic Relations Division, allowed the trial court to dismiss the objections for failure to file a required transcript, but we found the court abused its discretion in dismissing because the record showed appellant had actually ordered the transcript ten days after filing her objections, and the transcript was filed within days of the hearing on the appellee's motion to dismiss and before the trial court journalized the dismissal.[1]

{¶ 13}  This court reached a similar result in *O'Brien v. O'Brien*, 10th Dist. No. 04AP-1157, 2005-Ohio-3101.  In *O'Brien*, appellant/father filed a motion to modify custody.  A magistrate recommended the motion be overruled, father's support obligation recalculated, and father found guilty of contempt.  The trial court adopted the magistrate's decision.  Appellant timely filed an objection to the decision but did not timely request a hearing or

---

[1] Loc.R. 9 contains the same operative language as Loc.R. 8(1) of the Franklin County Court of Common Pleas, Juvenile Division.

make arrangements for the preparation of a transcript in compliance with Loc.R. 9. The mother filed a motion to dismiss the objections. The trial court determined that the father's failure to comply with Loc.R. 9, requiring a transcript, warranted dismissal of the objections. The father appealed.

{¶ 14} In reversing the trial court's judgment and remanding the matter for consideration of appellant's objections, we noted that "three weeks passed between the time appellant requested the transcript and the hearing on the motion to dismiss." *Id.* at ¶ 22. This court also found the following:

> [A]ppellee did not base her motion to dismiss on any prejudice, financial or otherwise, resulting from appellant's delay. Rather, appellee based her motion on purely procedural grounds, that is, appellant's failure to meet the local rule requirements. Given that appellee's motion raised no prejudice from the delay, that it was appellant who was owed "tens of thousands of dollars," and that appellant had already expended $2,000 as down payment for the transcripts, the court's forbearance in continuing the matter until December, thus allowing appellant to be heard on his objections, would have been a reasonable accommodation of both parties' interests.

*Id.* at ¶ 21.

{¶ 15} As set out above, the record in this case reveals that appellant filed the transcript of proceedings on February 5, 2018, 25 days after the transcript was due pursuant to Loc.R. 8(1) and Juv.R. 40(D)(3)(b)(iii). On February 6, 2018, the trial court issued a "notice of hearing" to each party scheduling a hearing for March 13, 2018.[2] The case did not go forward on March 13, 2018 for reasons that are not evident in the record. The trial court subsequently issued an entry continuing the case to May 15, 2018 because the "court was closed due to power outage on 3/22/18." (Mar. 30, 2018 Entry.) The matter did not, however, come on for hearing until June 14, 2018, and the record does not disclose the reason for the additional delay.

---

[2] The notice of hearing issued to appellant's trial counsel identified appellant's objections to the magistrate's decision as the matter to be addressed at the March 13, 2018 hearing, whereas the notice of hearing issued to appellee's counsel indicates that both appellant's objections and appellee's motion to dismiss the objections will be heard on March 13, 2018.

{¶ 16}  Loc.R. 8(1) of the Franklin County Court of Common Pleas, Juvenile Division, provides in relevant part as follows:

> If a finding of fact or weight of the evidence is part or all of the basis for the Objection, a transcript of the testimony is necessary to support the Objection to the Magistrate's decision and must be filed with the Court. Partial transcripts may be permitted upon leave of the Court.
>
> *Failure to file a transcript when one is required by this Rule is a basis for dismissal of the Objections.*
>
> *The request and deposit for said transcript shall be submitted to the supervising stenographer within three (3) days after the filing of said objections.* * * * At the time of ordering of a transcript, the ordering counsel or party shall post a deposit in an amount equal to the estimated cost of the transcript with the supervising stenographer.

(Emphasis added.)

{¶ 17}  Juv.R. 40(D)(3)(b)(iii) provides:

> Objection to magistrate's factual finding, transcript or affidavit.  An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * *The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.*

(Emphasis added.)

{¶ 18}  In dismissing appellant's objections, the trial court made the following findings:

> Defendant timely filed his Objections on December 11, 2017. Therefore, Defendant was obligated to "request and [submit a] deposit" for the transcript by December 14, 2017. According to Defendant's counsel, his office requested the transcript and there was a delay in the production. * * * Indeed, there may have been a delay in the *production* of the

transcript, but that production delay is not at issue. [Emphasis sic.] A review of the stenographer's Transcript Estimate shows that Defense counsel contacted the Stenographer's Office on December 18, 2017 for an estimate. The Transcript Estimate shows that on January 2, 2018 (15 days later), check #2042 arrived in the Stenographer's Office for completion of the transcript. The transcript was subsequently filed on February 5, 2018.

*Defendant has not offered any reasons for the delay in requesting the transcript.* Defendant stipulated that his gross income is $612,442, therefore, the $644 (.11% of Defendant's gross income) cost to produce the transcript would not have been unduly burdensome. Additionally, Defendant did not request additional time to request the transcript. *The Court finds that Defendant failed to comply with Loc.R. 8 and timely request and submit a deposit with the supervising stenographer for production of the transcript.*

(Emphasis added.) (Aug. 8, 2018 Decision at 4-5.)

{¶ 19} In *Lanning,* this court held the trial court abused its discretion in dismissing appellant's objections where the record showed appellant had actually ordered the transcript 10 days after filing her objections, and the transcript was filed within days of the hearing on the appellee's motion to dismiss and before the trial court journalized the dismissal. Here, the record is not clear as to when appellant's trial counsel ordered the transcript, but the trial court found that 7 days after filing appellant's objections appellant's trial counsel contacted the stenographer for a cost estimate and that appellant's counsel made full payment of the cost of the transcript 15 days later.

{¶ 20} Appellant's delay in requesting the trial transcript and making the deposit resulted in a corresponding delay in the filing of the transcript, though the exact length of that delay has not been determined. Nevertheless, even if we attribute the entire 25-day delay in filing the trial transcript to appellant, the record shows the transcript was available to the court and the parties more than 4 months prior to the date of the hearing on appellant's objections and more than 6 months prior to the date the trial court issued its judgment entry in this case. Applying the logic of the *Lanning* case to the facts of this case leads us to the conclusion that the trial court abused its discretion when it dismissed appellant's objections for the relatively minor violation of the rules. In the absence of any evidence of bad faith on the part of appellant or his trial counsel, we find dismissal of

appellant's objections frustrated the prevailing policy of deciding cases on the merits. As the Supreme Court noted in *DeHart*, "[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." *Id.* at 193. On this record and in keeping with our prior decision in *Lanning*, we find dismissal of appellant's objections was a sanction that was disproportionate to the nature of the mistake.

{¶ 21} Furthermore, in the *O'Brien* case, this court relied on appellee's failure to allege prejudice as a result of the delay in filing the transcript in holding the trial court abused its discretion in dismissing appellant's objections. In her motion to dismiss appellant's objections in this case, appellee alleges only that appellant's "undue delay in failing to request a hearing or a transcript, plus the necessity for Plaintiff to file this Motion and request a hearing have been detrimental to Plaintiff." (Feb. 1, 2018 Mot. to Dismiss at 4.)[3] Though appellee acknowledges that she has continued to receive child support payments at the original rate of $813.74 per month throughout these proceedings, she asserts that appellant's delay in requesting a trial transcript and filing the transcript have prevented appellee from timely receiving the increased award. Appellee argues the disparate economic circumstances of the parties render appellant's rules violation all the more egregious.

{¶ 22} Our review of the record reveals that in addition to the 25-day delay in filing the transcript, a subsequent delay of more than 6 months occurred between the time appellant filed the transcript and the date the trial court issued its judgment entry in this case. This delay, which is largely unexplained in the record, cannot be attributed to any act or omission to act on the part of appellant or appellant's trial counsel. Moreover, the prejudice alleged by appellee as a result of appellant's failure to comply with Loc.R. 8(1) and Juv.R. 40(D)(3)(b)(iii) is purely economic in nature and may be completely remedied when the trial court rules on appellant's objections on remand, as there is no dispute that the effective starting date for the increase in appellant's child support obligation is November 1, 2016. Thus, the economic harm to appellee arising directly from appellant's rules violation is relatively minor and correctible.[4]

---

[3] There is no support in the record for appellee's contention that appellant's alleged failure to request a hearing on his objections resulted in any delay in this case as the trial court, on February 6, 2018, set the objections for a hearing.
[4] The trial court judgment was stayed pending appeal on October 3, 2018.

{¶ 23} Based on these facts and given the lack of any substantial and lasting prejudice to appellee as a result of appellant's rules violation in this case, we find the dismissal of appellant's objections is a sanction which is out of proportion to the violation. We do recognize that a potential change of child custody is not at issue in this case, as it was in *Lanning* and *O'Brien* and that the impact on appellant of the trial court's decision to dismiss his objections is purely economic in nature. Nevertheless, we are also aware that the trial court's judgment entry in this case increases appellant's child support obligation by more than 570 percent. Thus, the financial implications to appellant of the trial court's judgment entry are significant and potentially long lasting.

{¶ 24} Appellant's objections in this case present both legal and factual challenges to the magistrate's calculation of his child support obligation. Given appellant's relatively minor rules violation and lack of prejudice to appellee resulting therefrom, we find the trial court's decision to forgo a ruling on the merits of appellant's objections is unsupportable.

{¶ 25} For the foregoing reasons, we hold the trial court abused its discretion when it dismissed appellant's objections. Accordingly, appellant's first assignment of error is sustained.

## B. Appellant's Second Assignment of Error

{¶ 26} In appellant's second assignment of error, appellant argues the trial abused its discretion by awarding appellee $750 in attorney fees due to appellant's rules violation. We agree.

{¶ 27} In conjunction with her motion to dismiss appellant's objections, appellee sought attorney fees and litigation expenses in excess of $2,500 for "the undue delay caused by [appellant] and for the necessity of filing this Motion." (Feb. 1, 2018 Mot. to Dismiss at 1.) Accordingly, the trial court awarded attorney fees to appellee as a sanction against appellant for the delays associated with appellant's failure to timely request and file the trial transcript and to compensate appellee for the legal fees associated with drafting the motion to dismiss appellant's objections. Having concluded, however, that appellee's motion to dismiss appellant's objections was without merit and that the trial court erred by dismissing appellant's objections, we sustain appellant's second assignment of error.

## IV. CONCLUSION

{¶ 28} Having sustained appellant's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and remand the matter for the court to vacate its August 8, 2018 judgment entry and to conduct further proceedings in accordance with this decision.

*Judgment reversed;*
*cause remanded with instructions.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____